```
             IN THE UNITED STATES DISTRICT COURT FOR
           THE DISTRICT OF MARYLAND, NORTHERN DIVISION


AMERICAN ROLL-ON                *
ROLL-OFF CARRIER, LLC, et al.,
                                *
     Plaintiffs,
                                *
v.                                       CIVIL NO.: WDQ-03-cv-3462
                                *
P&O PORTS BALTIMORE, INC.,
                                *
     Defendant.                 *

*    *    *    *    *    *    *    *    *    *    *    *    *
```

MEMORANDUM OPINION AND ORDER

American Roll-On Roll-Off Carrier, LLC ("ARC"), American Auto Logistics, Inc. ("AAL"), and Wallenius Wilhemsen Lines Americas, LLC ("WWLA") sued P&O Ports Baltimore, Inc. ("P&O Ports") for damage to cargo during a trans-Atlantic Ocean carriage of goods. Pending is P&O Ports' motion for summary judgment, or, in the alternative, for partial summary judgment on plaintiffs' complaint. For the following reasons, P&O Ports' motion for summary judgment will be granted.

I.   BACKGROUND

On October 1, 1997, Wallenius Lines North America, Inc. ("WLNA") and I.T.O. Corporation of Baltimore ("I.T.O.")[1] entered

---

[1] P&O Ports is the successor in interest by merger to I.T.O. since July 1, 2000. *See* Def. Mot. Summm. J. at 4; Ex. 2 at 6. Consistent with Defendant's motion for summary judgment and other pleadings of record, reference throughout this opinion will be made to P&O Ports in lieu of I.T.O..

1

into a "Terminal Services and Stevedoring Services Agreement" (the "Stevedoring Contract").  Mot. Summ. J. Ex. 1.  Under the contract P&O Ports agreed to provide WLNA with stevedoring and terminal services for WLNA vessels and cargo carried on the vessels at the Port of Baltimore.  *Id.*; Am. Compl. at ¶ 7.  In July 1999, WLNA assigned its rights, obligations and interests in the Stevedoring Contract to WWLA.[2]  Am. Compl. at ¶ 9.  ARC was the time-chartered operator of the M/S Faust (the "Vessel") and is the successor in interest to the ocean carrier identified in the Stevedoring Contract.  *Id.* at ¶¶ 4, 11.

AAL entered into a contract (the "GPC Contract") with United States Military Traffic Management Command ("MTMC"), for the point-to-point movement of privately owned vehicles ("POVs") of government employees.  Am. Compl. at ¶ 13; Mot. Summ. J. Ex. 5.  On March 1, 2000, ARC contracted with MTMC for shipment of cargo, including POVs, from the United States to overseas military bases in Europe.  Am. Compl. at ¶ 12; Mot. Summ. J. Ex. 7.  On October 28-29, 2000, POVs were loaded onto the Vessel and subsequently carried by the Vessel from Baltimore to Europe.  Am. Compl. at ¶¶ 12, 14.  ARC's Bills of Lading document the POVs that were transported by the Vessel.  Mot. Summ. J. Ex. 3.

On November 5, 2000, while the Vessel was en route from

---

[2] The Stevedoring Contract has never been formally amended, but the parties have treated the contract as in force between them.  *See* Am. Compl. ¶¶ 10-11; Def. Mot. Summ. J. at 4, fn 4.

2

Baltimore to Europe, the POVs sustained damage when an airplane tow truck broke loose from its lashings and punctured a diesel fuel tank on the Vessel, which leaked its contents onto the POVs. Am. Compl. at ¶¶ 17-18. The POVs were delivered on November 10, 2000 to Bremerhaven, Germany, the port of discharge for the POVs. Pl. Resp. Mot. At 6. Between January and May 2001, ARC and AAL purchased the POVs and arranged to have them crushed and destroyed. Am. Compl. at ¶ 23.

WWLA and AAL have assigned their rights against P&O Ports to ARC. ARC is proceeding in this action in its own right and as assignee of WWLA and AAL. Plaintiffs' Resp. Mot. at 1.

On December 5, 2003 Plaintiffs brought this action for (1) negligence and/or breach of duty by P&O Ports; and (2) indemnification for breach of contract and seek damages in excess of $10,000,000. P&O Ports brought a counterclaim against the Plaintiffs for (1) contractual indemnity; and (2) tort indemnity and seek that Plaintiffs be held jointly and severally liable for the damages alleged in the Complaint.

## II. LEGAL DISCUSSION

A.   Motion for Summary Judgment

   1. Standard of Review

Summary judgment is appropriate when there is no genuine issue of material fact, and the moving party is entitled to judgment as

a matter of law.  In *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986), the Supreme Court explained that, in considering a motion for summary judgment, "the judge's function is not . . . to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial."  A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248. Thus, "the judge must ask... whether a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented."  *Id.* at 252.

The court must view the facts and the reasonable inferences drawn therefrom "in the light most favorable to the party opposing the motion," *Matsushita Electric Industrial Company v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986), but the opponent must produce evidence upon which a reasonable fact finder could rely.  *Celotex Corp. v. Catrett,* 477 U.S. 317 (1986).  The existence of a mere "scintilla" of evidence is not sufficient to preclude summary judgment.  *Anderson*, 477 U.S. at 252.

   2.   Negligence Claim

   P&O Ports contends that Plaintiffs claims are time barred under the one-year statute of limitations in the Carriage of Goods by Seas Act ("COGSA").[3]  COGSA provides in part: "In any event the carrier and the ship shall be discharged from all liability in respect of

---

[3]*See* 46 U.S.C. §§ 1300 et seq. (2005).

4

loss or damage unless suit is brought within one year after delivery of the goods or the date when the goods should have been delivered." 46 U.S.C. § 1303(6). COGSA does not apply by its terms to stevedores, but shippers and carriers may contractually extend its application to stevedores. *Wemhoener Pressen v. Ceres Marine Terminals, Inc.*, 5 F.3d 734, 742 (4th Cir. 1993) (*citing Herd v. Krawill Mach. Corp.*, 359 U.S. 297, 302 (1959)). Courts have upheld Himalaya[4] clauses in bills of lading as extending to stevedores the rights and defenses of carriers under COGSA. *See Wernhoener Pressen*, 5 F.3d at 737; *Parker Hannifin Corp. v. Ceres Marine Terminals, Inc.*, 935 F. Supp. 632, 634 (D. Md. 1996); *Mediterranean Marine Lines, Inc. v. Clark & Son of Maryland*, Inc., 485 F. Supp. 1330, 1333 (D. Md. 1980).

Clause 15 within ARC's bill of lading is a Himalaya clause entitled "Exemptions and Immunities of all servants and agents of the Carrier." *See* Def. Mot. Summ. J. Ex. 3. Stevedores are defined in Clause 15 as servants and agents of ARC who are not to be "under any liability whatsoever to the Merchant for any loss, damage or delay arising or resulting directly or indirectly from any act, neglect or default on his part while acting in the course of or in connection with his employment and...every right, exemption from

---

[4] Himalaya clauses are limitation of liability provisions that carriers include in their contracts. "The name apparently comes from an English ship, *The Himalaya*, whose crew a passenger successfully sued because the carriage contract did not have such a limitation clause." *SPM Corp. v. M/V Ming Moon*, 965 F.2d 1297, 1305, n.8 (3d Cir. 1992).

5

liability, defense and immunity of whatsoever nature applicable to the Carrier...shall also extend to protect every such Servant or Agent of the Carrier." *Id*.[5]  Although ARC's Himalaya clause does not specifically reference COGSA, Clause 11 of the bill of lading entitled "Clause Paramount" cites COGSA as the law to be applied to the contract of carriage from the time the goods are loaded until they are discharged from the ship.  *Id*.  The bill of lading incorporates COGSA as a contract term, thus COGSA applies by its own force to the acts complained of regarding the POVs, because the alleged damage to the POVs occurred after the cargo was loaded onto the Vessel and before the POVs were discharged at the port in Germany.  *See Van Ommeren Bulk Shipping v. Cooper/T. Smith Stevedoring Co., Inc*., 35 F. Supp. 2d 469, 471 (D. Md. 1999).

The one year statute of limitation under COGSA applies to Plaintiffs' negligence claim for P&O Ports' alleged breach of warranty of workmanship performance.  Any POV damage claims from P&O Ports' stowage and securing of the airplane tow truck should have been brought within one year of delivery of the POVs.  The vehicles were delivered on November 10, 2000; thus, any claims should have been brought no later than November 10, 2001.  *See A.S.T., U.S.A., Inc. v. M/V Franka*, 981 F. Supp. 937, 941 (D. Md. 1997) (delivery is either at time of reasonable opportunity for inspection or when

---

[5] The term "Merchant" is defined in Clause 2 of ARC's bill of lading as "the Shipper, the Receiver, the Consignor, the Consignee, a Holder of the B/L, and the Owner of the Goods."

cargo was completely unloaded); *B. Elliott Ltd., v. Clark & Son of Maryland, Inc.*, 704 F.2d 1305, 1309 (4th Cir. 1983) (barring action against stevedore brought more than one year after cargo was damaged on basis of bill of lading incorporating COGSA one year statute of limitations). As this suit was commenced on December 5, 2003, P&O Ports will be granted summary judgment on the negligence claim.

3.   Indemnification Claim

Plaintiffs contend that the one year statute of limitations does not bar the indemnity claim against P&O Ports under the Stevedoring Contract, because actions for indemnity are not subject to the one year statute of limitations in COGSA. *Cerro Sales Corp. v. Atlantic Marine Enterprises, Inc.*, 403 F. Supp. 562, 566 (S.D.N.Y. 1975). The right to indemnification, whether based on tort or contract, accrues at the time of payment. *Sherwin-Williams Co. v. ARTRA Group, Inc.*, 125 F. Supp. 2d 739, 757 (D. Md. 2001) (*citing Southern Maryland Oil Co. v. Texas Co.*, 203 F. Supp. 449, 452-453 (D. Md. 1962)). Plaintiffs made payments to the owners of the POVs between January and May 2001, hence the earliest accrual date would be January 2001. Plaintiffs argue for application of Maryland's three year statute of limitations; however, the Stevedoring Contract's limitation of liability provisions limit indemnification claims to one year.

Liability and indemnification provisions are section 7 of the Stevedoring Contract. Section 7(a) provides for P&O Ports to

7

indemnify the Plaintiffs for any claims caused by negligence, including breach of the agreement for property damage suffered by any third party. Section 7(d) limits liability to P&O Ports on the basis of the Stevedoring Contract, ARC's Bill of Lading, and any limitations applicable to ARC as the carrier.  As discussed above, the bill of lading incorporated the provisions of COGSA as a contract term.  In addition, Clause 4 of the bill of lading relieves the carrier of all liability for damage to cargo unless suit is brought within 12 months after the date of delivery of the goods. The Stevedoring Contract and the Himalaya clause in the bill of lading extend all these limitations to P&O Ports.

In anticipation of multiple lawsuits, Plaintiffs paid for the POVs between January and May 2001 to avoid future liability. Plaintiffs' indemnification claim against P&O Ports should have been brought no later than one year after the last payment for the POVs was made.  This suit did not commence until December 5, 2003. Accordingly, P&O Ports will be granted summary judgment on the indemnification claim.

CONCLUSION

For the reasons discussed above, P&O Ports' motion for summary judgment will be granted.

<u>December 9, 2005</u>                   <u>        /s/                    </u>
Date                                           William D. Quarles, Jr.
                                                  United States District Judge